IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEVE'S TOWING, INC., )<br>)<br>Defendant. )<br>_____) | CASE NO.: 2:22-cv-157<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

The United States, by and through the undersigned attorneys, alleges as follows:

## INTRODUCTION AND NATURE OF ACTION

1. This action is brought by the United States under the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901-4043, against Steve's Towing, Inc. ("Steve's Towing") for illegally auctioning off, selling, or otherwise disposing of motor vehicles belonging to at least seven SCRA-protected servicemembers.

2. The purpose of the SCRA is to provide certain protections to servicemembers so that they can devote themselves fully to the Nation's defense.

3. One of the SCRA's protections is that a towing company cannot enforce a storage lien on a servicemember's vehicle during, or within ninety days after, a period of military service without a court order. 50 U.S.C. § 3958.

4. Any court reviewing a request for a court order made under 50 U.S.C. § 3958 may delay enforcement of the storage lien or adjust the amount of the servicemember's obligation to the towing company. *Id.* at § 3958(b).

5. When a towing company fails to obtain a court order prior to auctioning off a servicemember's vehicle, that servicemember is deprived of his or her right to have a court decide whether to postpone the sale or adjust the amount of the fees charged to the servicemember.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 50 U.S.C. § 4041.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1)-(2), because Defendant Steve's Towing is headquartered and conducts business in the Eastern District of Virginia, and because the events giving rise to this action occurred in this judicial district.

## PARTIES

8. Plaintiff, the United States, is authorized to file suit in any appropriate federal district court whenever the United States Attorney General has reason to believe that an individual or entity has engaged in "a pattern or practice of violating" the SCRA, or that "a violation of [the SCRA] . . . that raises an issue of significant public importance [has occurred]." 50 U.S.C. § 4041(a).

9. Defendant Steve's Towing is a Virginia corporation in good standing with a principal address of 5890 Thurston Avenue #B, Virginia Beach, Virginia 23455.

## FACTUAL ALLEGATIONS

10. United States Navy Sea, Air, and Land Team ("SEAL") Team 2 is based at Joint Expeditionary Base Little Creek-Fort Story ("JEB Little Creek") in Virginia Beach, Virginia.

From about October 2019 to about April 2020, members of SEAL Team 2 were deployed overseas.

11. Prior to deploying with SEAL Team 2 in about October 2019, a Navy Petty Officer First Class SEAL Team 2 member (hereinafter "SEAL Team member") parked his 1992 Toyota Land Cruiser HZJ73 and 1987 Toyota 4Runner, both of which had Arizona license plates and registrations, in a parking lot at the intersection of Helicopter and Cove Roads across from SEAL Team 2's headquarters at JEB Little Creek. Stored inside the SEAL Team member's Land Cruiser was evidence of his military service in the form of a duffel bag of military uniforms and a Naval Special Warfare Development Group Sniper challenge coin.

12. Prior to his deployment, the SEAL Team member had his mail forwarded to his parents' home address in Arizona.

13. The SEAL Team member has been an active duty member of the United States Navy continuously since about March 19, 2013.

14. On or about January 3, 2020, Defendant Steve's Towing towed the SEAL Team member's Land Cruiser and 4Runner from the parking lot across from SEAL Team 2's headquarters at JEB Little Creek.

15. In January 2020, Defendant Steve's Towing requested and received from the Virginia Department of Motor Vehicles ("VA DMV") two transcripts of vehicle records, one for the SEAL Team member's Land Cruiser, and the other for the SEAL Team member's 4Runner. The transcripts stated that no automated record was found in Virginia for either vehicle.

16. At no time before or after towing the SEAL Team member's vehicles did Defendant Steve's Towing make any effort to contact the Arizona Department of

Transportation's Motor Vehicle Division for information on the vehicles, despite the fact that both the Land Cruiser and the 4Runner had Arizona license plates.

17. On or about February 7, 2020, Defendant Steve's Towing filed two Mechanics or Storage Lien Applications with the VA DMV to record storage liens on the SEAL Team member's Land Cruiser and 4Runner. Each of these recorded storage liens was for $970.

18. On or about February 7, 2020, Steven E. Gilliam, the President, Officer, and Director of Defendant Steve's Towing, reported to the VA DMV that Defendant Steve's Towing had enforced its two $970 storage liens on the SEAL Team member's Land Cruiser and 4Runner by purchasing both vehicles from itself for $500 each.

19. On or about February 7, 2020, Edwin L. Gilliam, an individual acting as an agent of Defendant Steve's Towing, filed Certificates of Title and Registration with the VA DMV to have the SEAL Team member's Land Cruiser and 4Runner titled in the name of Defendant Steve's Towing.

20. At no point between January 3, 2020, the date Defendant Steve's Towing towed the SEAL Team member's Land Cruiser and 4Runner, and February 7, 2020, the date Defendant Steve's Towing transferred ownership of both of the SEAL Team member's vehicles into the company's name, did Defendant Steve's Towing obtain a court order allowing the company to sell, auction off, or otherwise dispose of either vehicle.

21. At no point between January 3, 2020, the date Defendant Steve's Towing towed the SEAL Team member's Land Cruiser and 4Runner, and February 7, 2020, the date Defendant Steve's Towing transferred ownership of both of the SEAL Team member's vehicles into the company's name, did the SEAL Team member's parents receive any correspondence from Defendant Steve's Towing.

4

22. At all times relevant to this complaint, Defendant Steve's Towing's policies and procedures failed to comply with Section 3958 of the SCRA, 50 U.S.C. § 3958. In fact, the policies and procedures failed to include any mention at all of the SCRA or the protections it grants to servicemembers whose vehicles have been towed.

23. At all times relevant to this complaint, Defendant Steve's Towing's policies and procedures did not include using any commercially available database to match vehicle identification numbers to the vehicles' current owners and registrants prior to selling, auctioning off, or otherwise disposing of vehicles it had towed.

24. At all times relevant to this complaint, Defendant Steve's Towing's policies and procedures did not include looking to see what state's license plate was on any vehicle it towed, and then obtaining motor vehicle records for that vehicle from that state. Instead, Defendant Steve's Towing requested motor vehicle records only from the VA DMV for all vehicles it towed and subsequently placed a lien on, regardless of which state's license plate was on the vehicle.

25. At all times relevant to this complaint, Defendant Steve's Towing's policies and procedures did not include any sort of presumption that vehicles towed from JEB Little Creek or other military installations were likely to be owned by an SCRA-protected servicemember.

26. At all times relevant to this complaint, Defendant Steve's Towing's policies and procedures did not include any sort of presumption that vehicles containing military uniforms and/or military related objects were likely to be owned by an SCRA-protected servicemember.

27. At all times relevant to this complaint, the Department of Defense provided individuals and entities seeking to comply with the SCRA a free automated database run by the

Defense Manpower Data Center ("DMDC database") to check whether an individual is an SCRA-protected servicemember.

28. At all times relevant to this complaint, Defendant Steve's Towing's policies and procedures did not include checking the DMDC database to determine a vehicle owner's military status prior to selling, auctioning off, or otherwise disposing of a vehicle without a court order.

29. At all times relevant to this complaint, Defendant Steve's Towing had no written policies requiring it to obtain a court order before selling, auctioning off, or otherwise disposing of a servicemember's vehicle.

30. At all times relevant to this complaint, it was Defendant Steve's Towing's practice not to seek or obtain court orders prior to enforcing storage liens.

31. The Hampton Roads area of Virginia, which includes Virginia Beach, where Defendant Steve's Towing is based, has one of the largest military populations in the United States. It is home to approximately 83,000 servicemembers.

32. From April 15, 2019, through the date of the filing of this Complaint, Defendant Steve's Towing has auctioned off, sold, or otherwise disposed of motor vehicles and personal effects belonging to at least seven SCRA-protected servicemembers, including the SEAL Team member, without first obtaining court orders.

## SERVICEMEMBER CIVIL RELIEF ACT VIOLATIONS

33. The SCRA provides that "[a] person holding a lien on the property or effects of a servicemember may not, during any period of military service of the servicemember and for 90 days thereafter, foreclose or enforce any lien on such property or effects *without a court order granted before the foreclosure or enforcement*." 50 U.S.C. § 3958(a)(1) (emphasis added).

There is no requirement that a servicemember inform the lien holder of his or her military service.

34. For purposes of 50 U.S.C. § 3958(a)(1), "the term 'lien' includes a lien for storage, repair, or cleaning of the property or effects of a servicemember or a lien on such property or effects for any other reason." 50 U.S.C. § 3958(a)(2).

35. Defendant Steve's Towing's actions in selling, auctioning off, or disposing of the vehicles and personal belongings of at least seven servicemembers, including the SEAL Team member, without court orders are violations of the SCRA that raise an issue of significant public importance under 50 U.S.C. § 4041(a)(2).

36. Defendant Steve's Towing's actions in selling, auctioning off, or disposing of the vehicles and personal belongings of at least seven servicemembers, including the SEAL Team member, without court orders constitute a pattern or practice of SCRA violations under 50 U.S.C. § 4041(a)(1).

37. The SEAL Team member and the other servicemembers whose motor vehicles were sold, auctioned off, or otherwise disposed of during periods of military service without court orders in violation of the SCRA are "person[s] aggrieved" pursuant to 50 U.S.C. § 4041(b)(2) and have suffered damages as a result of Steve's Towing's conduct.

38. Defendant Steve's Towing's conduct was intentional, willful, and taken in reckless disregard for the rights of servicemembers.

**PRAYER FOR RELIEF**

WHEREFORE, the United States prays that the Court enter an order that:

1. Declares that Defendant Steve's Towing's conduct violated the SCRA;

2.  Enjoins Defendant Steve's Towing, its agents, employees, and successors, and all other persons and entities in active concert or participation with them, pursuant to 50 U.S.C. § 4041(b)(1), from:

    a.  selling, auctioning off, or otherwise disposing of the motor vehicles of SCRA-protected servicemembers without court orders, in violation of the SCRA, 50 U.S.C. § 3958;

    b.  failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, each identifiable victim of Defendant Steve's Towing's illegal conduct to the position he or she would have been in but for that illegal conduct; and

    c.  failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any illegal conduct in the future and to eliminate, to the extent practicable, the effects of Defendant Steve's Towing's illegal conduct;

3.  Awards appropriate monetary damages to each identifiable victim of Defendant Steve's Towing's violations of the SCRA, pursuant to 50 U.S.C. § 4041(b)(2); and

4.  Assesses civil penalties against Defendant Steve's Towing in order to vindicate the public interest, pursuant to 50 U.S.C. § 4041(b)(3).

The United States further prays for such additional relief as the interests of justice may require.

Dated: _____, 2022.

                                                    Respectfully submitted,

                                                    MERRICK B. GARLAND
                                                    Attorney General

| | |
|---|---|
| JESSICA D. ABER<br>United States Attorney<br>Eastern District of Virginia | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| LAUREN WETZLER<br>Chief, Civil Division<br>Assistant United States Attorney<br>Eastern District of Virginia | SAMEENA SHINA MAJEED<br>Chief<br>Housing and Civil Enforcement Section |
| | ELIZABETH A. SINGER<br>Director<br>U.S. Attorneys' Fair Housing Program<br>Housing and Civil Enforcement Section |
|       /s/<br>DEIRDRE G. BROU<br>Assistant United States Attorney<br>Attorney for Plaintiff United States<br>United States Attorney's Office<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Tel: (703) 299-3770<br>Fax: (703) 299-3983<br>Email: deirdre.g.brou@usdoj.gov | TANYA ILONA KIRWAN<br>Trial Attorney<br>Maryland Bar<br>Attorney for Plaintiff United States<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>4 Constitution Square<br>150 M Street, N.E., Suite 8.125<br>Washington, D.C. 20530<br>Tel: (202) 532-3826<br>Fax: (202) 514-1116<br>Email: tanya.kirwan@usdoj.gov |
| SEAN D. JANSEN<br>Assistant United States Attorney<br>Va. State Bar No. 82252<br>Attorney for Plaintiff United States<br>United States Attorney's Office<br>101 W. Main Street, Suite 8000<br>Norfolk, VA 23510<br>Tel.: (757) 441-6331<br>Fax: (757) 441-6689<br>Email: sean.jansen@usdoj.gov | |