IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. ) Case No.: 2:22-cv-157<br>)<br>STEVE'S TOWING, INC., ) JURY TRIAL DEMANDED<br>)<br>Defendant. ) | |

## ANSWER

COMES NOW, your Defendant, Steve's Towing Inc., a Virginia corporation (hereafter "Steve's") by counsel and for and in support of its Answer to the Complaint and states as follows:

## INTRODUCTION

1. Paragraph 1 calls for a legal conclusion and requires no response to the extent a response is required it is denied.

2. Paragraph 2 calls for a legal conclusion and requires no response to the extent a response is required it is denied.

3. Paragraph 3 calls for a legal conclusion and requires no response.

4. Paragraph 4 calls for a legal conclusion and requires no response to the extent a response is required it is denied.

5. Admitted.

## JURISDICTION AND VENUE

6. Steve's denies that there is jurisdiction under 50 U.S.C. § 4041, that Steve's has engaged in a pattern or practice of violating the chapter or has engaged in a violation of the chapter that raises an issue of significant public importance. In addition, Steve's avers that the two vehicles identified in the Complaint were towed at the request of the Department of Defense of the United States of America.

7. Admitted.

## PARTIES

8. Denied.

9. Admitted.

## FACTUAL ALLEGATIONS

10. Admitted that Seal Team 2 is based at JEB Little Creek and Steve's lacks sufficient information to either admit or deny the remainder of the allegations and therefore denies the same.

11. Steve's admits that it towed a 1992 Land Cruiser and 1987 Toyota 4 Runner from building 3853 at the request of the Department of Defense and command at JEB Little Creek base and after reasonable inquiry Steve's lacks sufficient information to either admit or deny the remainder of the allegations. Furthermore, Steve's lacks sufficient information to admit or deny if the person identified as SEAL team member was on active duty with the military as said information was not provided to Steve's and the Complaint fails to provide any information for which said information could be verified.

12. After reasonable inquiry Steve's lacks sufficient information to either admit or deny the allegations contained in paragraph 12.

13. After reasonable inquiry Steve's lacks sufficient information to either admit or deny the allegations contained in paragraph 13.

14. Admitted in so much as Steve's towed a 1987 Toyota 4 Runner and 1992 Land Cruiser from building 3853 at the instruction and request of the Department of Defense and command at JEB Little Creek and after reasonable inquiry Steve's lacks sufficient information to either admit or deny the remainder of the allegations.

15. Admitted that on January 15, 2020 Steve's got a transcript from the Virginia Department of Motor Vehicles concerning a 1987 Toyota 4 Runner and a 1992 Land Cruiser and that no record was found for either vehicle and that neither vehicle had been registered as an out of state vehicle owned by a member of the United States military and the remainder of the allegations are denied as there is not sufficient information in the Complaint from which to form a reasonable inquiry.

16. Admitted that Steve's did not contact Arizona as the plates on the 1987 4 runner were expired and said vehicle had been towed in April 2019 and therefore Steve's concluded the plates were false plates and Steve's lacks sufficient information to admit or deny the remainder of the allegations as the identity of the alleged owner cannot be ascertained from the Complaint.

17. Admitted that Steve's filed two mechanic's liens on the 1987 4 Runner and 1992 Land Cruiser and the Steve's lacks sufficient information to admit or deny the remainder of the allegations as the identity of the alleged owner cannot be ascertained from the Complaint.

18. Admitted that Steve's filed certificates of title and registration with the VA DMV to enforce its storage liens as to the 1987 4 Runner and 1992 Land Cruiser and the Steve's lacks sufficient information to admit or deny the remainder of the allegations as the identity of the alleged owner cannot be ascertained from the Complaint.

19. Admitted that Steve's filed certificates of title and registration with the VA DMV to have the titles in the name of Steve's as to the 1987 4 Runner and 1992 Land Cruiser and the Steve's lacks sufficient information to admit or deny the remainder of the allegations as the identity of the alleged owner cannot be ascertained from the Complaint.

20. Admitted that Steve's did not obtain a court order as to the 1987 4 Runner and 1992 Land Cruiser and Steve's lacks sufficient information to admit or deny the remainder of the allegations as the identity of the alleged owner cannot be ascertained from the Complaint.

21. Steve's towing lacks sufficient information and knowledge to admit or deny what an unidentified person's parents received in the mail and therefore denies the same.

22. Denied.  For a further response Steve's avers that it checked with the VA DMV on all vehicles towed from JEB Little Creek at the request of the Department of Defense to ascertain whether or not any vehicles were owned by members of the armed services on active duty.

23. Denied. For a further response Steve's avers that it checked with the VA DMV on all vehicles towed from JEB Little Creek at the request of the Department of Defense to ascertain whether or not any vehicles were owned by members of the armed services on active duty.

24. Denied and further denied that Steve's has a duty to check invalid and expired plates.

25. Denied and further denied that any such presumption exist on JEB Little Creek base as the base has numerous civilian contractors, retired service members and Steve's towed at the instruction of the Department of Defense and base command.

26. Denied and Steve's lacks sufficient information to admit or deny that military uniforms were in any vehicle.

27. Admitted that there is a free automated data base called Defense Manpower Data Base but denied that said data base can be used without first having an individual's name and a date of birth or social security number. Said data base cannot be used with a vehicle registration or driver's license number and the remainder of the allegations and inferences therein are denied.

28. Admitted that Steve's did not use said data base as it could not obtain any information from said data base without a date of birth or social security number.

29. Admitted that it had no written policy and denied as to the inference that it did not attempt to check the status of the vehicles military service.

30. Admitted that it's practice was not to obtain court orders on towed vehicles if they were was no information that the owner was active duty in the military.

31. Admitted that Hampton Roads has a large military presence.

32. Defendant lacks sufficient information to either admit or deny the allegations of paragraph 32 as the identify of the person called "SEAL Team member" is not disclosed and there is simply no information within the four corners of the Complaint of another 5 cars complained of over a three-year period.

## COUNT I

33. Paragraph 33 calls for a legal conclusion and merely restates the code.

34. Paragraph 34 calls for a legal conclusion and merely restates the code.

35. Defendant lacks sufficient information to either admit or deny the allegations of paragraph 35 as the owners of the alleged 7 vehicles is unknown from the Complaint and the additional five vehicles complained of in the Complaint are not even identified with any information. Including a make and model. Many of the cars towed from the base are abandoned as it costs nothing to leave an inoperable vehicle on base and have it towed away and disposed of for free.

## AFFIRMATIVE DEFENSES

1. The vehicles in question were towed at the request and instruction of the Department of Defense namely command for the JEB Little Creek and thus it is presumed that the vehicles are owned by persons who are not on active duty as JEB Little Creek has several storage lots on base for active duty members and the requested that the vehicles be towed off base and not to a storage lot on base.

2. The vehicles were parked in areas that any active service member would know would result in the vehicle being towed because Command Guidelines at 5.f., state "Deployed service members shall not remain parked in command or facility parking lots… Members may contact Morale, Welfare and Recreation for vehicle storage options."   Therefore, the presumption is that an abandoned vehicle on base would not belong to an active service member as they would be aware that they cannot remain on command or facility parking lots while deployed.

WHEREFORE, your Defendant prays that this Court enter Judgment in its favor award it costs incurred herein and any and all other relief this Court deems appropriate and just.

                                                  Respectfully submitted

                            /s/      Teddy J. Midkiff
                                    Of Counsel

Teddy J. Midkiff, VSB# 45659
Teddy Midkiff, PLLC
1108 Madison Plaza, Suite 203
Chesapeake, VA 23320
Telephone    757-394-3410
Facsimile     757-394-3386
Email: tmidkiff@tmidkifflaw.com
Website: tmidkifflaw.com
*Counsel for Steve's Towing, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of May, 2022 a true and exact copy of the foregoing was served via electronic mail or U.S. mail, postage prepaid, to the following:

    Deirdre G. Brou
    United States Attorney's Office
    2100 Jamieson Avenue
    Alexandria, VA 22314
    Deirdre.g.brou@usdoj.gov

                                          /s/ Teddy J. Midkiff
                                              Of Counsel