IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

      Plaintiff,

v.

STEVE'S TOWING, INC.,

      Defendant.

Case No.: 2:22-cv-157

MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO
PROCEED UNDER PSEUDONYM

Putative Intervenor by counsel, respectfully moves this Court for the entry of an Order permitting him to proceed under the pseudonym, JOHN DOE, for the reasons stating in the Memorandum below.

BACKGROUND

Putative Intervenor, JOHN DOE, a Navy Petty Officer First Class, is one of the seven SCRA-protected servicemembers referenced in the Complaint filed herein by Plaintiff United States of America. JOHN DOE is a member of the United States Navy Sea, Air, and Land ("SEAL") Team 2, which is based at Joint Expeditionary Base Little Creek-Fort Story ("JEB Little Creek") in Virginia Beach, Virginia. JOHN DOE has been an active-duty member of the United States Navy since about March 19, 2013. While he was deployed overseas from October 2019 to April 2020, Defendant Steve's Towing, Inc. ("Steve's Towing") towed JOHN DOE's Land Cruiser and 4Runner from a parking lot across from SEAL Team 2's headquarters at JEB Little Creek and auctioned off the vehicles. Steve's Towing had also towed and auctioned off the vehicles of other

servicemembers. Steve's Towing's actions in auctioning JOHN DOE's vehicles and the vehicles of other servicemembers gave rise to this suit filed by the United States pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. § 3901, *et seq.* ("SCRA"), specifically 50 U.S.C. § 3958, which prohibits the foreclosure and enforcement by persons holding a lien on property or effects of a servicemember during the period of a servicemember's military service and for 90 days thereafter without a court order. None of the servicemembers whose vehicles were sold by Steve's Towing were named in the United States' Complaint. Putative Intervenor is referred to in the United States' Complaint only as "Seal team member."

Putative Intervenor JOHN DOE intends to file a Motion to Intervene in the United States' action as a plaintiff as permitted by the SCRA and Rule 24 of the Federal Rules of Civil Procedure. **Exhibit A**. He seeks leave to proceed under a pseudonym in this matter because his position as a member of Seal Team 2 renders his anonymity a matter of national security.

## ARGUMENT

Federal Rule of Civil Procedure 10(a) requires that a complaint "include the names of all the parties." It makes no provision for pseudonymous litigation, but courts may exercise discretion to a party to proceed anonymously. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). The Fourth Circuit advises that "when a party seeks to litigate under a pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014).

In *James*, the Fourth Circuit set out five factors courts are to consider when deciding whether to allow a party to proceed anonymously.

2

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and, relatedly, [5] the risk of unfairness to the opposing patty from allowing an action against it to proceed anonymously.

*Id.,* 6 F.3d at 238, (internal citations omitted). "Not all of these factors may be relevant to a given case, and there may be others that are." *Doe v. Virginia Polytechnic Inst. & State Univ.*, No. 7:19-CV-00249, 2020 U.S. Dist. LEXIS 46319, 2020 WL 1287960, at *3 (W.D. Va. Mar. 18, 2020). "Courts frequently seal information or allow parties to proceed pseudonymously when national security concerns are implicated, if the parties can show that the relevant information is not publicly available and should not be for reasons of national security." *Mowery v. Nat'l Geospatial Intelligence Agency*, Civil Action No. 20-3170, 2020 U.S. Dist. LEXIS 261874, at *4 (D.D.C. Nov. 3, 2020) (citing *Peary v. Goss*, 365 F. Supp. 2d 713, 716 n.1 (E.D. Va. 2005) (noting that plaintiff, a former CIA officer, "has adopted a pseudonym for the purpose of this litigation to preserve CIA operational security.")).

Here, JOHN DOE does not seek leave merely to avoid annoyance or criticism; instead, his identification as a member of Seal Team 2 is sensitive and renders his privacy and anonymity a matter of personal and national security. *See Perry, supra.* SEAL Team 2 deploys platoons to Naval Special Warfare Unit Two in Germany, aboard Amphibious Ships deployed to Second and Sixth Fleets, and conducts deployment for training, throughout the European theater, and his work is therefore highly confidential. JOHN DOE's identification – even by the use of his initials - poses a risk of retaliatory physical or mental harm to him and to innocent non-parties – including his family and other Seal Team members, as well as the United States. His age is not a factor, and this action is not against a governmental entity, although governmental entities are involved. There

3

is no risk of unfairness to Steve's Towing if he proceeds anonymously, as Steve's Towing is well aware of his identity.

On balance, these factors weigh in favor of allowing JOHN DOE to proceed anonymously. JOHN DOE therefore respectfully requests that he granted leave to proceed with his Motion to Intervene and participate in this matter under a pseudonym.

## CONCLUSION

For the foregoing reasons, Putative Intervenor, JOHN DOE, by counsel, respectfully requests that this Court grant him leave to proceed in this litigation under a pseudonym.

Dated: August 3, 2022

Respectfully submitted,

**JOHN DOE**

By _____
Jeffrey A. Breit, Esq. (VSB No. 18876)
BREIT BINIAZAN, PC
Towne Pavilion Center II
600 22nd Street, Ste. 402
Virginia Beach, VA 23451
(757) 622-6000 (Telephone)
(757) 670-3939 (Facsimile)
Jeffrey@bbtrial.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August, 2022, I electronically filed the foregoing Memorandum with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing ("NEF") to all counsel of record.

_____
Jeffrey A. Breit, Esq. (VSB No. 18876)
BREIT BINIAZAN, PC

4

            Towne Pavilion Center II
            600 22nd Street, Ste. 402
            Virginia Beach, VA 23451
            (757) 622-6000 (Telephone)
            (757) 670-3939 (Facsimile)
            Jeffrey@bbtrial.com
            *Counsel for Plaintiff*